CASE 98—PROSECUTION AGAINST NEV LAWSON, FOR MURDER.—APRIL 21, 1904.

(Omitted in former reports.)

# Commonwealth v. Lawson.

APPEAL FROM WHITLEY CIRCUIT COURT—M. L. JARVIS, CIRCUIT JUDGE.

DEFENDANT ACQUITTED AND COMMONWEALTH APPEALS FROM AN ORDER EXCLUDING DYING DECLARATIONS. REVERSED AND OPINION CERTIFIED.

DYING DECLARATIONS—CONFLICTING EVIDENCE—JURY QUESTION.

1. Where, in a prosecution for murder, a witness testifies that decedent said to him, "I am killed, and can not recover," and, being asked who shot him, replied that accused did so, it is error to exclude the dying declaration because two witnesses for accused subsequently testify that they were present at the time, and no dying declaration was made; the question on conflicting evidence as to whether the declaration was made being one for the jury.

N. B. HAYS, ATTORNEY GENERAL, LORAINE MIX AND J. N. SHARP, FOR APPELLANT.

Our contention is that on a trial of one for murder, where one witness testifies to statements made by the deceased under a sense of impending death and two other witnesses testify that no such statements were made, the evidence of the one witness is admissible as dying declarations of the deceased, and the question as to whether they were in fact made should be submitted to the jury.

AUTHORITIES CITED.

A. & E. Ency. of Law, vol. 6, 127; Varnedoe v. State, 75 Ga., 181; Wyatt v. Com., 8 R., 55; Crump v. Commonwealth, 14 R., 450; Lucir v. Com., 5 S. W., 354; Pearson v. State Texas Appeal, 14; State v, Bannister, 35 S. C., 290; Martin v. Com., 25 R., 1928.

C. W. LESTER, ATTORNEY FOR APPELLEE.

Where one witness stated that deceased under a sense of impending death said that defendant, Nev Lawson, shot him, and two other witnesses subsequently state that they were present and no such statement was made as testified to by the first witness, we submit that the presiding judge, being the sole judge of the weight of the evidence, properly withdrew the evidence of the first witness from the jury.

OPINION OF THE COURT BY JUDGE BARKER.

The appellee, Nev. Lawson, was indicted by the grand jury of Whitley county, charged with the wilful murder of Josh Faulkner. The tragedy took place at a dance at the house of appellee. Upon the trial, appellee admitted that he had a difficulty with the deceased, but denied the shooting. The identity of the murderer was the real issue in the case. The Commonwealth introduced John W. Faulkner, an uncle of deceased, who testified as follows: "Josh Faulkner was my nephew. He was shot along about 2 o'clock at night, and died the next night of the gunshot wound. About two hours after he was shot, I went to Nev.

Lawson's house, where he was, and he said, 'I'm killed and can not recover.' I asked him who shot him, and he said, "Nev Lawson shot me.'" After the Commonwealth's evidence was in, the defense introduced two witnesses, who testified that they were present; that Josh Faulkner made no dying declaration, and was never able to speak after he was shot; whereupon the court, on motion of appellee, excluded the dying declaration as testified to by John W. Faulkner, on the ground that a preponderence of evidence showed that the deceased had made no declaration. The trial resulted in a failure on the part of the jury to agree on a verdict, whereupon the case was reassigned on the docket for trial, and the Commonwealth has appealed to this court, under the provision of the Criminal Code, for an adjudication as to the validity of the order made by the trial judge in excluding the evidence of the dying declaration of the decedent.

There can be no question that the testimony of John W. Faulkner fully established that condition of mind in the dying man which authorized the admission of his declaration as to the manner of his taking off. The rule is that declarations must be made under the sanction of a full realization that the party stands in the presence of immediate dissolution. In the case of Kehoe v. Commonwealth, 85 Pa., 127, the testimony was as follows: "Bill, it's all up with me. I will never get over it." The declarant died two days thereafter. The declaration was admitted. We fully recognize that the question of the admission of such declarations is primarily for the determination of the court (Greenleaf on Evidence, § 160; Roscoe's Criminal Evidence [8th Ed.] page 37; Roten v. State, 31 Fla., 520, 12 South., 910, and Maine v. people, 9 Hun., 116), but this only relates to the question of the admissibility of the evidence; in other

Commonwealth v. Lawson.

words, whether or not the condition of the decedent's mind with reference to his death is such as that the awfulness of his situation will supply the sanctity of an oath. After the testimony is in, the weight that is to be given to it, either in part or in whole, is for the determination of the jury. The defense may impeach the credibility of the declarant, may show that he made a different statement to that contained in the declaration, or that the declaration is untrue in fact; but, after all, the question as to whether or not the declarant made the declaration as testified to, or whether it is true in whole or in part, or whether he made a declaration at all, are issues for the determination of the jury, and not for the court.

We are of the opinion that the court erred in excluding the dying declaration of Josh Faulkner, as testified to by his uncle, John W. Faulkner, and we therefore certify our conclusion to the trial court for future guidance.